IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-117-TAV-JEM |
| ) | |
| WIGBERT BANDIE ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Wigbert Bandie's Motion to Continue Trial [Doc. 51], filed on March 1, 2024, and referral from District Judge Thomas A. Varlan [Doc. 52].

Defendant Bandie requests the Court continue the trial set for March 19, 2024, and to extend all relevant deadlines including the motions and plea deadlines [Doc. 51 p. 1]. In support of his motion, Defendant states that additional time will allow his counsel to further review and analyze the voluminous electronic discovery in this case [*Id.*]. Defendant recently requested additional electronic data and will need to analyze it once received [*Id.*]. Further, Defendant asserts that defense counsel and counsel for the Government continue to work towards a plea agreement [*Id.*]. Defendant states in his motion that he understands his right to a speedy trial and waives any applicable time per this motion [*id.*] and that the Government does not oppose the requested continuance [*id.* at 2].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to review the discovery in this case, engage in plea negotiations, and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the March 19, 2024 trial date.

The Court therefore **GRANTS in part** Defendant Wigbert Bandie's Motion to Continue Trial [**Doc. 51**]. The trial of this case is reset to **June 18, 2024**.[1] A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 1, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Wigbert Bandie's Motion to Continue Trial [**Doc. 51**] is **GRANTED in part**;

(2) the trial of this matter is reset to commence on **June 18, 2024, at 9:00 a.m.**, before the Honorable Thomas A Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 1, 2024**, and the new trial date of **June 18, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 20, 2024**;

---

[1] The deadline for filing pretrial motions in this case expired on January 16, 2024 [Doc. 42]. At this time, Defendant has not set forth good cause for reopening the deadline.

(5) the deadline for filing motions *in limine* is **June 3, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2024, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 7, 2024.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

3

Case 3:22-cr-00117-TAV-JEM   Document 53   Filed 03/11/24   Page 3 of 3   PageID #: 256