UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CR-117-TAV-JEM-1 |
| | ) | |
| WIGBERT BANDIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines Manual [Doc. 92]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the *pro se* motion [Doc. 93], and the government has responded in opposition [Doc. 94]. Defendant subsequently filed a reply in support of his motion [Doc. 95]. For the following reasons, defendant's *pro se* motion [Doc. 92] is **DENIED**.

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

> the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.10(b)(1) (U.S. SENT'G COMM'N 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a

defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. SENT'G GUIDELINES MANUAL § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii).

## II. Factual Background

On June 25, 2024, defendant pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 [Docs. 61, 62]. At the time of sentencing, defendant received zero criminal history points [Presentence Investigation Report ("PSR") ¶ 86]. As to his offense level, defendant received several enhancements, including an enhancement pursuant to § 2B1.1(b)(2)(B) which provides for a four-level increase if the offense resulted in substantial hardship to five or more victims [*Id.* ¶¶ 71-73]. As noted by the PSR, the parties agreed to the applicability of these enhancements in the amended plea agreement [*Id.*; *see* Doc. 61 ¶ 5(d)(ii)-(iv)]. Defendant and the government also agreed in the amended plea agreement that neither party would seek "any Guidelines adjustment for any reason that [was] not set forth in th[e] Plea Agreement" at the sentencing hearing [PSR

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. SENT'G GUIDELINES MANUAL § 1B1.10(b)(2)(B).

¶ 12(e); *see* Doc. 61 ¶ 5(d)(v)]. Based on a total offense level of 26 and a criminal history category of I, the PSR calculated defendant's guideline range as 63 to 78 months [PSR ¶ 103].

The Court sentenced defendant on November 26, 2024, to 63 months' imprisonment [Docs. 84, 86]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on January 26, 2029. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed February 2, 2026).

## III. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. SENT'G GUIDELINES Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*; *see* U.S. SENT'G GUIDELINES Supp. to App. C, amend. 831.

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. SENT'G GUIDELINES Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant argues he is eligible for a sentence reduction under Amendment 821 based on § 4C1.1 [Doc. 92, p. 1]. Specifically, defendant alleges that he meets the criteria to qualify as a "zero-point offender" because the PSR establishes zero criminal history points, "no violence, weapons, or injury enhancements[,]" "no terrorism or sex offense[,]" and "no aggravating role under § 3B1.1" [*Id.* at 1–2]. And therefore, defendant contends that he should receive a two-level reduction in his offense level, making his guidelines range 51 to 63 months, and that the Court should impose a sentence at the bottom of this new range [*Id.* at 2–3].

In response, the government submits that defendant was sentenced after Amendment 821 was incorporated into the Sentencing Guidelines, and therefore, defendant cannot show that his guideline range was subsequently lowered by Amendment 821 [Doc. 94, p. 1–2].[2]

In his reply, defendant suggests that, if the Court concludes that relief cannot be granted under 18 U.S.C. § 3582(c)(2), then his claim could proceed as a 28 U.S.C. § 2255 motion [Doc. 95, p. 6].

The Court concludes that defendant is ineligible for a sentence reduction under Amendment 821 and 18 U.S.C. § 3582(2), because Amendment 821 was already in effect at the time of his sentencing. The plain language of § 3582(c)(2) indicates that it applies only to a defendant's whose was sentenced under a sentencing range that "has subsequently

---

[2] The government also contends that defendant is not eligible for the reduction in light of § 4C1.1(a)(6) [Doc. 94, p. 3]. Defendant contests this conclusion [Doc. 95]. However, the Court finds it unnecessary to reach that argument.

been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). "Subsequent" is defined as "occurring later" or "coming after something else." *Subsequent*, BLACK'S LAW DICTIONARY (12th ed. 2024). Defendant was sentenced on November 26, 2024 [Doc. 84]. But Amendment 821 became effective more than a year prior, on November 1, 2023. U.S. SENT'G GUIDELINES Supp. to App. C, amend. 821. Accordingly, defendant was not sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission. The Court therefore lacks authority to reduce his sentence under § 3582(c)(2) and Amendment 821. U.S. SENT'G GUIDELINES MANUAL § 1B1.10(a)(2).

To the extent that defendant asks the Court to convert his § 3582(c)(2) motion into a § 2255 motion, the Court declines that invitation. Notably, "a misapplication-of-an-advisory-guidelines-range claim is not cognizable under § 2255." *Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019) (internal alterations omitted) (quoting *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)). Because any claim based solely upon the alleged misapplication of the guidelines would not be cognizable under § 2255, the Court declines to convert defendant's motion, raising such a claim, into a § 2255 motion.

## III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 92] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE